FILED
IN CLERKS OFFICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

2004 SEP 23 P 12: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

04 MBD 10269

| | |
|---|---|
| PETTERS COMPANY, INC.<br>Plaintiff, | Case No. 03-3210 (JRT/FLN)<br>(District of Minnesota)<br>MBD |
| v. | |
| Defendants. | |
| STAYHEALTHY, INC.,<br>AMERISOURCEBERGEN<br>CORP., AMERISOURCEBERGEN<br>DRUG CORP.,<br>AMEROSOURCEBERGEN SERVICES<br>CORP., AND<br>BERGEN BRUNSWIG DRUG<br>COMPANY. | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH

Third party witness and potential deponent Duff Brace ("Brace") has moved, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that this Court quash certain subpoena issued to Brace in connection with the above-captioned action. A true and accurate copy of the subpoena is attached hereto as <u>Exhibit "A"</u>. Before this Court is the question of whether Mr. Brace must testify in this action at the present time.

### BACKGROUND

Brace is the former president of defendant Stayhealthy, Inc. ("Stayhealthy"), one of the primary defendants in this matter. Stayhealthy is a small start-up organization based in the Los Angeles County, California. In or around 2000, Stayhealthy received several multi-million dollar purchase orders from defendant Bergen Brunswig Drug

Company ("BBDC") for purchase of Stayhealthy's new product line. BBDC has since been acquired by AmerisourceBergen Drug Corporation and for ease; BBDC and its successors will collectively be referred to as "ABC". At the time of the purchase orders, Stayhealthy was a small organization, less than 15 employees, and lacked the sources to manufacture the product requested by ABC. To fulfill its obligations to ABC, Stayhealthy entered into a lending agreement with plaintiff Petters Company, Inc. ("Petters"). After manufacturing and delivering several million dollars of its product, ABC advised Stayhealthy that it had no obligation to pay for the goods delivered and refused to accept delivery of the balance.

Brace had little involvement in the details of the Stayhealthy-ABC-Petters transaction. Instead, most of the activities involved the chief executive officer and other executives at the company. ABC's refusal to pay for Stayhealthy's products produced a fairly catastrophic event for Stayhealthy. The company was downsized and now only consists of a few officers or employees; Stayhealthy's two subsidiary companies were either sold or abandoned. Brace left his position as president of the company and has been on disability ever since. Moreover, Brace's knowledge is limited since his long absence from Stayhealthy.

Since his departure from Stayhealthy, Brace has suffered a number of series health problems including almost losing portions of his limbs in separate accidents involving a dog and a snow blower.

In or around January 2004, Petters attempted to take Brace's deposition, only to be told by Brace's primary care physician that Brace's mental and physical problems would not allow for the same. Disputing the validity of Brace's problems, Petters went

so far as to conduct a telephonic conference call with Brace's physician in an attempt to cajole him into authorizing the deposition, which the doctor refused to do.

Since their initial inquiry, Brace has received regular treatments and advised the parties to this lawsuit about the progress of his condition approximately every two months. On or about July 26, 2004, Brace's physician, Dr. Roger A. Pompeo, M.D., gave his opinion regarding Brace's inability to participate in a deposition. A true and correct copy of Dr. Pompeo's July 26, 2004 letter as well as prior letters are attached hereto as Exhibit "B" and incorporated herein by reference.

## ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part, that the Court shall modify or quash a subpoena if it "(iv) subjects a person to undue burden." Similarly, Rule 45(b) provides that "upon motions made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive ...." While the scope of discovery is generally broad in a civil action, the court must balance this right with the "annoyance, embarrassment or oppression" of a third-party witness. Gierman vs. Toman, 77 N.J. Super. 18, 25, 185 A.2d 241, 245 (N.J. 1962).

Brace has been subjected to a number of traumatic events during the past year: the depression; loss of his job; and two major physical injuries. Brace is on a number of medications that will impair his ability to give a true and accurate deposition. As a result of these injuries, Brace should not be required to sit for his deposition.

## CONCLUSION

For all the foregoing reasons, the Motion To Quash Subpoenas should be granted.

Signature: /s/ Duff Brace
Name: Duff Brace
Address: 887 Broadway
         Hanover, MA 02339
Telephone #: (781) 826-7616

cc: Bradley S. Herman, Esq.
    David R. Marshall, Esq.
    Robert M. Gardner, Esq.
    Eric Macey, Esq.
    Joseph M. Sokolowski, Esq.
    Andrew O. Schiff, Esq.
    Scott P. Schomer, Esq.